## BURGES & CO. v. POLLITZER.

Complaint for goods sold and delivered was verified and its allegations were admitted by the answer, which set up a counter-claim. Plaintiff then filed with the clerk of court, an admission of the counter-claim, and on the call of

the default docket at the next term, moved for judgment for the excess. *Held*, that plaintiff was entitled to judgment for such excess in like manner as in cases of default, and that notice to defendant of application for judgment was not necessary.

———

Before FRASER, J., Beaufort, June, 1882.

Action by George Burges & Co., against Mr. Pollitzer. The opinion states the case.

*Messrs. Verdier & Talbird*, for appellants.

*Messrs. Elliott & Fowles*, contra.

July 2d, 1883.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   This action was brought to recover $5,780.43, the price of goods sold and delivered by the plaintiffs to the defendant between the first day of September, 1880, and the first day of April, 1881.   The complaint was verified. The defendant answered, admitting plaintiff's complaint to be true and setting up a counter-claim for $365.72.   At the June Term of the court succeeding, the plaintiff filed a statement with the clerk of the court admitting said counter-claim, and after the close of the court of sessions for said term, upon the call of calendar No. 6, moved for a judgment in the action for the excess of his demand over the counter-claim so admitted.

Defendant objected on the grounds, first, that his Honor the judge had no power to render the judgment; that the defendant having answered, the case could not be disposed of at said term, it not being a term for the trial of jury causes; and second, that if the case could be considered as one of "default" so far as the excess of demand over counter-claim was concerned, then the plaintiff, not having given notice to the defendant of the time and place of application to the court for judgment, the defendant having appeared by his answer, judgment could not be rendered. The Circuit judge overruled the objections and held that as to the excess over counter-claim the defendant stood as in default, and was not entitled to notice of application for judgment, and

rendered judgment for the excess of plaintiff's demand over the counter-claim.

The defendant appeals to this court upon the following exceptions:

1. " Because the defendant having answered in the action admitting part of plaintiff's demand and setting up counter-claim for the balance, his Honor erred in holding plaintiff entitled to judgment by default for balance of his claim after filing statement admitting counter-claim, and his Honor erred in making the order for judgment.

2. " Because the defendant having appeared in this action by his answer, was entitled to eight days' notice of the time and place of application to the court for judgment, and his Honor erred in ruling that the defendant was not entitled to notice, and in making the order for judgment in the absence of notice to the defendant."

It may be this was not a case of technical " default," as the defendant filed an answer, but we think it is covered and provided for by sub-division 1 of section 267 of the code, which is as follows: " In any action on contract, the plaintiff may file proof of personal service, &c., and that no appearance, answer or demurrer has been served on him ; it shall be the duty of the clerk to place all such cases on the calendar No. 6, and said calendar shall be called on the first day of the term. When the action is on a complaint for the recovery of money only, judgment may be given for the plaintiff by default if the demand be liquidated ; and if unliquidated, upon proper proof of his demand. In all other cases the relief to be afforded the plaintiff shall be ascertained either by the verdict of a jury, or, in cases in chancery, by the judge, with or without reference, as he may deem proper. The order for judgment in such cases shall be endorsed upon or attached to the complaint. Where the defendant, by his answer in any such action, shall not deny the plaintiff's claim, but shall set up a counter-claim amounting to less than the plaintiff's claim, judgment may be had by the plaintiff for the excess of said claim over the said counter-claim, in like manner in any such action, upon the plaintiff's filing with the clerk of the court a statement admitting such

counter-claim, which statement shall be annexed to and be a part of the judgment roll."

The defendant contends that the second paragraph of the above refers only to the action described in the last sentence of the first paragraph as " all other cases," and has no reference to the actions previously described in the same paragraph as " actions for the recovery of money only." We do not think that the words " any such action" in the second paragraph refer only to the class of cases described in the first as " all other cases," but refer to all actions described in the whole of the preceding paragraph, including as well those " for the recovery of money only " as all other actions.

The last paragraph is not merely a continuation of the last sentence of the first, but a separate and distinct provision, giving a remedy in a class of cases where the defendant has put in an answer, which is, at least, as necessary and proper in actions for recovery of money only as in any other. This construction makes intelligible the other words, " in like manner." That is to say, if the action is one for the recovery of money only, then as above described in that case; and if it belongs to the other class, then as above described as to such class. In no other sense can the words " in like manner " have their proper and natural force.

The action in this case was " for money only," and, according to the views taken, the proper course, after the statement admitting the counter-claim was filed, was to proceed for judgment as to the excess over the counter-claim precisely as if, to that extent, there had been no answer. The only question which could arise was whether judgment should be taken by default, as upon a liquidated demand, or upon proper proof, as upon a demand unliquidated. We gather from the case submitted that the action was not upon a note of the party, but upon an account " for the price of goods sold and delivered," and if there had been no answer it would have been necessary to prove the account. But we cannot doubt that the account in excess of the counter-claim, admitted by the defendant's answer, was, at least, a liquidated demand, and established without further proof.

By the code, as it stood before the late general statutes, which

went into effect May 1st, 1882, before this question arose, it seems that in such case, where the defendant had given notice of appearance, he was entitled to eight days' notice of the time and place of application to the court for the relief demanded by the complaint. See sub-division 2 of section 269 of the original code. But in the revised code, now of force, that provision seems to have been omitted, and there is now no such requirement. This would seem to be in accordance with principle, as there was no issue to be tried between the parties as to the excess of the plaintiff's demand over the counter-claim, which was admitted in the answer. And it would seem, also, to be in analogy to another provision of the code, which declares that " When the answer of the defendant expressly, or by not denying, admits part of the plaintiff's claim to be just, the court, on motion, may order such defendant to satisfy that part of the claim, and may enforce the order as it enforces a judgment or provisional remedy." *Code,* § 265.

The judgment of this court is that the judgment of the Circuit Court be affirmed.